[Civ. No. 25444.   First Dist., Div. Two.   Dec. 17, 1968.]

Estate of ELVIRA PERNAS, Deceased. WILLIAM EVANS,
Petitioner and Respondent, v. ROMAN CATHOLIC
ORPHAN ASYLUM et al., Objectors and Appellants.

Brobeck, Phleger & Harrison, William A. Farrell and
Edwin McInnis for Objectors and Appellants.

Elden C. Friel for Petitioner and Respondent.

TAYLOR, J.—The only question presented by this appeal is whether certain capital gain distributions from regulated investment companies received from 1955 to 1967 (and, therefore, not governed by the 1967 amendments to Civil Code section 730.07) should be treated as principal or income of a trust.

The facts are not in dispute. The testator, Elvira Pernas, died in 1953, leaving a will that created a testamentary trust, naming as life beneficiary respondent, William A. Evans, and as remaindermen, three charitable organizations, including

appellants, San Francisco Roman Catholic Orphan Asylum, and the Hanna Boys Center. The will contained no indication of the testatrix's intent as to the allocation to be made between principal and income. The principal assets of the trust were shares of Diversified Investment Fund, Inc. and Fundamental Investors, Inc., both regulated investment companies, commonly known as mutual funds. Between 1955 and 1967, the trustee received from these mutual funds capital stock as a result of capital gains realized. At the time of each distribution, the trustee could have elected to receive the distribution in cash but chose to receive shares of the issuing companies. The trustee regularly and consistently allocated these capital gain distributions to principal. The income distributions received by the trustee and allocated and paid to income are not in issue.

On November 6, 1966, the trustee died and the administratrix of his estate filed a first and final account. Respondent objected to the trustee's treatment of the capital gain distributions as principal. By a minute order dated September 20, 1967, and a subsequent formal order filed on October 11, 1967, the court below concluded that the capital gain distributions should have been allocated to income and directed that the successor trustee transfer them to respondent. This appeal from only that portion of both orders ensued.

The parties agree that the question of law presented is one of first impression in this state. They further agree that as a result of the 1967 amendment of section 730.07 of the Civil Code, capital gain distributions from mutual funds are treated as principal. Appellants contend that the language of the statute before 1967 was ambiguous and should be construed to reach the same result as the 1967 amendment. We cannot agree.

Prior to the 1967 amendments, section 730.07 of the Civil Code (§ 5, Uniform Principal and Income Act) provided, so far as pertinent: "(1) All dividends on shares of a corporation forming a part of the principal which are payable

"(a) In shares of the declaring corporation of the same kind and rank as the shares on which such dividend is paid; and

"(b) In shares of the declaring corporation of a different kind or rank to the extent that they represent a capitalization of surplus not derived from earnings, shall be deemed principal.

"Subject to the provisions of this section, all dividends,

other than those awarded to principal under (a) and (b) above, including ordinary and extraordinary dividends and dividends payable in shares or other securities or obligations of corporations other than the declaring corporation, shall be deemed income.

"*Where the trustee shall have the option of receiving a dividend either in cash or in the shares of the declaring corporation, it shall be considered as a cash dividend and deemed income, irrespective of the choice made by the trustee.* (Italics added.)

". . . . . . . . . . . . .

"(3) Where the assets of a corporation are liquidated, amounts paid upon corporate shares as cash dividends declared before such liquidation occurred or as arrears of preferred or guaranteed dividends shall be deemed income; all other amounts paid upon corporate shares on disbursement of the corporate assets to the stockholders shall be deemed principal. All disbursements of corporate assets to the stockholders, whenever made, which are designated by the corporation as a return of capital or division of corporate property shall be deemed principal."

By a statute effective November 8, 1967 (Stats. 1967, ch. 726), the last paragraph of subdivision (1) was amended[1] and subdivision (6) added, as follows: "Where the trustee shall have the option of receiving a dividend either in cash or in the shares of the declaring corporation, it shall be considered as a cash dividend and deemed income, irrespective of the choice made by the trustee *except as provided in subdivision (6) of this section.*

". . . . . . . . . . . . .

"(6) *Distributions made from ordinary income by a regulated investment company or by a trust qualifying and electing to be taxed under federal law as a real estate investment trust are income. All other distributions made by the company or trust, including distributions from capital gains, depreciation, or depletion, whether in the form of cash or an option to take new stock or cash or as option to purchase additional shares, are principal.*"

Appellants rely on *Tait* v. *Peck* (1963) 346 Mass. 521 [194 N.E.2d 707, 98 A.L.R.2d 503], and *In re Estate of Brock*

---

[1]With these changes, this provision is the revised Uniform Principal and Income Act adopted by the National Commissioners on Uniform Laws in 1962. The revised Uniform Act became operative in California on July 1, 1968 (Stats. 1967, ch. 1508, § 2).

(1966) 420 Pa. 454 [218 A.2d 281]. In *Tait,* in accord with the unqualified Massachusetts rule,[2] the court held that capital gain distributions from mutual funds constituted principal. Significantly, however, the "Massachusetts rule" of treating all capital distributions uniformly as principal was expressly rejected by the Uniform Principal and Income Act, as originally adopted as section 730.07 of the Civil Code, quoted above. Thus, *Tait* v. *Peck* is simply consistent with the Massachusetts law and the present California law and is of no help to us here.

In *Brock, supra,* the testamentary trustees received a mutual fund distribution of $1.05, described as a quarterly distribution of 7 cents per share out of ordinary net income and 8 cents per share payable from capital gains. The trustees, who had 7 shares, elected to receive the payment in cash and allocated the entire amount to income. The appellate court, construing the Pennsylvania Principal and Income Act, which differed in its provisions from those of the pre-1967 version of section 730.07 of our Civil Code, found an inconsistency between the portion of the statute stating that optional dividends were income (§ 5(1) of the Pennsylvania statute) and the provision stating that all disbursements of corporate assets designated as a return of capital were principal (§ 5(3) of the Pennsylvania statute). The court then resolved the ambiguity by holding that the $.56 distributed from capital gains was principal.

Appellants here rely chiefly on *Brock* to urge that the California statute prior to its 1967 amendment was similarly ambiguous and that we should resolve the ambiguity in exactly the same manner as did the Pennsylvania court in *Brock.* We disagree.

---

[2]Under the so-called "Massachusetts rule," stock dividends, if declared from earnings, are treated as principal, and cash dividends as income (Am.Jur., Life Estates, Remainders, and Reversions, 1st ed., § 384, et seq.). Under the so-called Pennsylvania rule, extraordinary corporate dividends whether stock or cash are: (1) allocated to principal if the entire dividend was declared from earnings accrued prior to the creation of the trust; (2) allocated to income if the entire dividend was earned (in the sense that its payment would not impair the value of the stock as of the date of the commencement of the trust) after the commencement and during the continuance of the trust; and (3) apportioned between principal and income if the fund from which the dividends were declared was accumulated partly before and partly after the commencement of the trust (Am.Jur., Life Estates, Remainders, and Reversions, 1st ed., § 391, et seq.). California has adopted the Pennsylvania rule as to extraordinary dividends but not as to the sale of securities (*Estate of Traung,* 30 Cal.2d 811, 815 [185 P.2d 801]).

In the first place, the court in *Brock* was not faced with a clear subsequent legislative amendment as we are here. In the second place, the language of the Pennsylvania statute, set forth below,[3] which is substantially different from that of our statute, lends more justification to a finding of ambiguity. Thus, the Pennsylvania statute provides for *exceptions* in section 5(1) and then apparently creates one in section 5(3). No similar language providing for *exceptions* is found in the corresponding section of our previous statute, Civil Code section 730.07.

It may be arguable that the last sentence of subdivision 3 of the California statute, when read with the last sentence of subdivision 1 thereof resulted in some ambiguity. However, the last sentence of section 5(3) of the Pennsylvania statute specifically provides, following a sentence similar to the last one in subdivision 3 of the California statute, that "Any profit or loss resulting from the sale or liquidation of corporate assets shall enure to or fall upon principal." Thus, the corresponding sections of the Pennsylvania statute are considerably more difficult to reconcile than were those of the California statute as it existed prior to the 1967 amendment. We also note that *Brock* is the only case arising under the Uniform Act as it existed prior to amendments similar to those adopted in California in 1967, that *declares the optional capital gain divi-*

---

[3]Section 5(1) provides: "Corporate distributions made to a trustee in the shares of the distributing corporation, however described or designated by the distributing corporation, shall be deemed principal but if the number of shares of any class distributed to shareholders of such class is six percent (6%) or less of the number of shares of that class outstanding on the record date for such distribution, the shares so distributed shall be deemed income. *Except as provided above and in other subsections of this section* all dividends payable otherwise than in shares of the distributing corporation, including ordinary and extraordinary cash dividends and dividends payable in shares or other securities or obligations of corporations other than the distributing corporation, shall be deemed income. Where the trustee shall have the option of receiving a dividend, either in cash or in the shares of the distributing corporation, it shall be considered as a cash dividend and deemed income, irrespective of the choice made by the trustee."

Section 5(3) provides: "Where the assets of a corporation are liquidated, wholly or partially, amounts paid upon corporate shares as cash dividends, declared before such liquidation began, or as arrears of cumulative preferred, or guaranteed dividends shall be deemed income, all other amounts paid upon corporate shares on disbursement of the corporate assets to the stockholders shall be deemed principal. All disbursements of corporate assets to the stockholders, whenever made, which are designated by the corporation as a return of capital or division of corporate property, shall be deemed principal. *Any profit or loss resulting from the sale or liquidation of corporate shares shall enure to or fall upon principal.*" (Italics added.)

*dends to be principal.* The weight of authority is clearly to the contrary (see cases collected in 98 A.L.R.2d 511).

As to the contention that we should interpret the pre-1967 version of the statute to be identical to the amended statute, we note that a substantially similar question was presented in *Estate of Heard,* 107 Cal.App.2d 225 [236 P.2d 810, 27 A.L.R. 2d 1313], and decided to the contrary. In view of the clearly expressed intention of the 1967 amendment to change the law of this state with respect to the allocation of distributions from mutual funds, we do not deem it necessary to discuss the other contentions raised by the parties.

Affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 13, 1969.